**MEI LONG XIAO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6526–ag.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2007.

Lin Li, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Craig Oswald and Joel R. Nathan, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mei Long Xiao, a native and citizen of the People's Republic of China, seeks review of a November 17, 2005 order of the BIA affirming the April 21, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying Xiao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Mei Long Xiao*, No. A97 129 315 (BIA Nov. 17, 2005), *aff'g* No. A97 129 315 (Immig. Ct. N.Y. City Apr. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As a preliminary matter, although the IJ made an explicit adverse credibility determination in addition to finding that Xiao had failed to meet his burden of proof, the BIA rejected at least one of the IJ's reasons for doing so. Assuming Xiao's credibility, the BIA continued to evaluate his claims in order to determine whether he met his burden of proof. Because it is unclear whether the BIA meant to reject the IJ's adverse credibility determination

in its entirety, we rely solely on the BIA's and IJ's burden of proof analysis in reviewing the petition. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (noting that the BIA "should decide explicitly whether [the applicant's] testimony was credible.").

The IJ properly determined that Xiao had failed to meet the minimum threshold of harm required to establish that he or she has suffered past persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive"). In this case, Xiao has alleged no incident of personal persecution. He does not claim that he was ever arrested, beaten, tortured, or mistreated in any way as a result of his practice of Falun Gong. Furthermore, according to Xiao, he had only been practicing for approximately three months before leaving China. Based on Xiao's testimony, the IJ properly determined that Xiao failed to allege any facts that would rise to the level of persecution.

Xiao also failed to show that he has a well-founded fear of persecution. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Here, the IJ determined that Xiao did not have a well-founded fear of persecution because he was never a leader or teacher of Falun Gong and there was no evidence that the fellow member whose arrest allegedly prompted Xiao to leave China was in fact arrested for his practice of Falun Gong. Furthermore, Xiao admittedly had no personal knowledge of why the member was arrested or the arrest itself. Even the letter from Xiao's friend who stated that he was still being pursued by the government gives no indication that the government is at all interested in questioning or arresting Xiao. Accordingly, the BIA and IJ reasonably determined that Xiao failed to establish a well-founded fear of persecution upon his return to China.

The agency's denial of Xiao's CAT claim was also supported by substantial evidence. Xiao's primary evidence that he will be tortured comes from the background materials in the record, which describe harsh punishments for Falun Gong supporters. However, the burden for CAT relief is very high; Xiao was required to establish that someone in his "particular alleged circumstances" was more likely than not to be tortured in China. *See Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Xiao has not alleged that the police made any specific threats in his case, nor suggested that his friend was tortured due to his affiliation with the group. The record simply does not compel the conclusion that someone in Xiao's particular circumstances is more likely than not to be tortured. *See Mu–Xing Wang,* 320 F.3d at 144.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).